[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 30, 2009
THOMAS K. KAHN
CLERK

No. 08-16187

_____

D. C. Docket No. 03-00112-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

INGERBERTH C. BAIRD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 30, 2009)

Before CARNES, FAY and ALARCON,* Circuit Judges.

PER CURIAM:

_____

* Honorable Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, sitting
by designation.

Ingerberth Baird filed or caused to be filed claims against two insurance policies on his wife's life even though she was not dead. As a result, he was convicted of conspiracy in violation of 18 U.S.C. § 371, filing a false claim against the United States in violation of 18 U.S.C. § 287, and mail fraud in violation of 18 U.S.C. § 1341. Baird was sentenced to 60 months for the conspiracy and false claim convictions, and 70 months for the mail fraud conviction, with all the sentences to run concurrently. This is his appeal of the convictions and sentences.

Baird's first contention is that there was insufficient evidence to prove that when he filed a claim for the proceeds of the Servicemember's Group Life Insurance plan, he made a claim "upon or against the United States, or any department or agency thereof," as required for a violation of the false claim statute. 18 U.S.C. § 287. He argues that because the proceeds were paid not by the United States but by Prudential Life Insurance Company, he never made a claim upon or against the United States. There was, however, testimony at trial that "the money that is paid for the life insurance policies is drawn from a government account, the Veterans Administration," and that "the money that is paid out is government money." That is sufficient evidence to show the claim was upon or against the government, and no language in the relevant statutory provisions, see 38 U.S.C. §§ 1966, 1967, 1969, and 1971, contradicts that

testimony. Accordingly, Baird's first contention fails.

Baird next contends that there was insufficient evidence to prove that he "knowingly cause[d] to be delivered by mail," 18 U.S.C. § 1341, the documents seeking payment of the proceeds of the Highmark Life Insurance policy, as required for his mail fraud conviction. The evidence showed that the payroll supervisor at his wife's employer mailed the false death certificate and the form containing the false information in support of Baird's claim to the insurance company for him. The circumstances clearly were such that Baird should have known that the woman would use the mails to send the claim on to the company. The fact that the insurance company official told her to mail the documents after she had expressed her suspicions about Baird's claim changes nothing. There is no reason to believe, or more specifically no reason for Baird to have believed, that the documents would not be mailed to the company anyway.

Baird also contends that there was insufficient evidence to support his conviction for conspiring with his wife to file a false claim and to commit mail fraud. To the contrary, the evidence showed circumstantially that Baird's wife participated in the scheme with him and enjoyed the proceeds of the criminal conduct. Among other things, Baird told the man at the furniture store that he wanted the furniture he was buying (with the ill gotten gains) shipped to his wife

3

in Trinidad, and when the FBI agents later went to Trinidad they found Baird's wife living in their house with that furniture. Not only that, but Baird testified at trial, and if his denials of having conspired with his wife were disbelieved, as they obviously were, that is evidence that he did conspire with her. See United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995).

Finally, Baird contends that the district court abused its discretion in imposing the sentences it did. We reject his arguments against the loss computation because they are unsupported by any authority and contrary to some. See, e.g., United States v. Padron, 527 F.3d 1156, 1161 (11th Cir. 2008). The district court did not err in applying a U.S.S.G. § 2B1.1(b)(9) enhancement because the criminal scheme did involve sophisticated means, although Baird himself may not have been sophisticated enough to pull it off. The upward variances were fully supported by the reasons the district court carefully set out in the record.

**AFFIRMED.**